LAW OFFICES OF RAHUL WANCHOO (RW-8725)
Attorneys For Plaintiffs
357 Westfield Avenue
Ridgewood, NJ 07450
Phone: (201) 882-0303
Fax:    (201) 301-3576
E-mail: rwanchoo@wanchoolaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

AVENA SHIPPING COMPANY LIMITED
AND DALNAVE NAVIGATION INC.                           ECF CASE

                     Plaintiffs,            07 CV 2913

    - against -                                        **VERIFIED COMPLAINT**

JOINT STOCK COMPANY BELARUSSIAN
SHIPPING COMPANY

                     Defendant.

-----------------------------------------------------------X

      Plaintiffs, AVENA SHIPPING COMPANY LIMITED ("Avena") AND DALNAVE

NAVIGATION INC. ("Dalnave"), by their attorneys, LAW OFFICES OF RAHUL

WANCHOO, allege on information and belief as follows:

**JURISDICTION AND VENUE**

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction

of the United States and of this Honorable Court. This case also falls under the Court's admiralty

and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2.   At all material times, Plaintiff, Avena was and now is a foreign corporation organized under and existing by virtue of the laws of the Republic of Cyprus, and was the owner of the M.V. SERVER (the "Vessel"), a bulk carrier of about 33,333 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3.   At all material times, Plaintiff, Dalnave was and now is a foreign corporation organized under and existing by virtue of the laws of the Republic of Greece, and was the manager of the Vessel.

4.   Upon information and belief, at all material times, Defendant, JOINT STOCK COMPANY BELARUSSIAN SHIPPING COMPANY ("Belarussian"), was and now is a foreign corporation organized and existing under and by virtue of the laws of Belarussia, and was the charterer of the Vessel.

## FACTS GIVING RISE TO CLAIM

5.   On or about August 24, 2006, a time charter party (the "Charter") was made between Dalnave and/or Avena, as owners of the Vessel, and Belarussian as charterer whereby Defendant chartered the Vessel for the carriage of bulk cargo for a period of about four months up to about six months, about meaning plus or minus fifteen days in charterer's option.

6.   The Charter provided that charterer shall pay for the use and hire of the Vessel at the rate of $17,500 per day or pro rata payable fifteen days in advance. The hire was to

commence from the time of the Vessel's delivery to the charterer until the day of her redelivery to the owner, unless Vessel lost.

7. Pursuant to the Charter, the Vessel was delivered to the charterer at 17:00 hours GMT on August 30, 2006. On or about January 12, 2007 the Vessel suffered a total loss off the coast of Norway and the Charter was terminated at 17:25 hours GMT on January 12, 2007.

8. According to owner's Charter hire calculations, the Vessel was on hire during the voyage for 135.017361 days which amounts to $2,362,803.82 (135.017361days x $17,500 per day). After deducting 3.75% commission of $88,605.14 and adding Charterer's expenses of $469,917.87, the total hire due to Plaintiffs amounts to $2,744,170.55. Charterer has paid only $2,656,279.75 of hire, which leaves a balance of hire due to Plaintiffs of $87,890.79.

9. Plaintiffs submitted their final hire statement to Defendant on or about February 5, 2007 for balance of Charter hire due in the amount of $87,890.79. Pursuant to the terms of the Charter, Defendant should have paid the hire when it received the final hire statement. However, despite various reminders from Plaintiffs to Defendant, no hire has been received to date.

10. By reasons of the premises, Plaintiffs have sustained damages in the amount of $87,890.79 as best as can presently be calculated.

11. The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. In addition to the unpaid hire, Plaintiffs are also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $50,000.

12. Arbitration of these disputes in London arbitration may take three years. Plaintiffs are entitled to and would receive interest at the present rate of 8.25% from February 2007 to the completion of the arbitration or about $23,000.

13. Plaintiffs' total claim against Defendant for which they seek security herein is $160,890.79.

14. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

15. Plaintiffs bring this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiffs' claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiffs pray the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Joint Stock Company Belarussian Shipping Company, and that it be personally cited to appear and answer the matters set forth above.

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiffs' claims of $160,890.79, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiffs, together with interest, costs and disbursements of this action; and

4. That this Court grant to Plaintiffs such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
       March 27, 2007

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiffs
AVENA SHIPPING COMPANY LIMITED
AND DALNAVE NAVIGATION INC.

By: _____
Rahul Wanchoo (RW-8725)

STATE OF NEW YORK)
                              ss.
COUNTY OF NEW YORK)

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiffs.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiffs is that Plaintiffs are a foreign corporation and are not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 27th day of
March, 2007

*Karlene A. Jackson*
Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5083169
Qual. in Queens Cty; New York Cty
Commission Expires November 17, 2009

**LAW OFFICES OF RAHUL WANCHOO** (RW-8725)
Attorneys for Plaintiffs
357 Westfield Avenue
Ridgewood, NJ 07450
Tel. (201) 882-0303
Fax. (201) 301-3576
E-mail: rwanchoo@ecaseinc.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

AVENA SHIPPING COMPANY LIMITED
AND DALNAVE NAVIGATION INC.                    ECF CASE

              Plaintiffs,             **07 CV 2913**

- against -

                                      **FED. R. CIV. P.**
JOINT STOCK COMPANY BELARUSSIAN            **§7.1 STATEMENT**
SHIPPING COMPANY

              Defendant.

-----------------------------------------------------------X

Pursuant to Fed. R. Civ. P. §7.1(a), the undersigned attorney of record for Plaintiffs certifies that Plaintiffs have no U.S. corporate parents or publicly held corporations owning 10% or more of their stock.

Dated: New York, New York
       March 27, 2007

                                            **LAW OFFICES OF RAHUL WANCHOO**
                                            Attorneys for Plaintiff
                                            AVENA SHIPPING COMPANY LIMITED
                                            AND DALNAVE NAVIGATION INC.

                                            By: _____
                                                   Rahul Wanchoo (RW-8725)