**LAW OFFICES OF RAHUL WANCHOO** (RW-8725)
Attorneys for Plaintiffs
357 Westfield Avenue
Ridgewood, NJ 07450
Tel. (201) 882-0303
Fax. (201) 301-3576
E-mail: rwanchoo@ecaseinc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AVENA SHIPPING COMPANY LIMITED
AND DALNAVE NAVIGATION INC.                           ECF CASE

                        Plaintiffs,                   07 CV ____ (___)

        - against -                                   **07 CV   2913**

JOINT STOCK COMPANY BELARUSSIAN
SHIPPING COMPANY

                        Defendant.

-------------------------------------------------------------X

*JUDGE LEISURE*

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' APPLICATION FOR AN ORDER OF MARITIME ATTACHMENT AND GARNISHMENT PURSUANT TO RULE B(1) OF THE SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE

### PRELIMINARY STATEMENT

Plaintiffs, AVENA SHIPPING COMPANY LIMITED AND  DALNAVE

NAVIGATION INC. ("Plaintiffs"), respectfully submit this Memorandum of Law in support of

their application for an order directing the Clerk of the Court to issue Process of Maritime

Attachment and Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in connection with

Plaintiffs' admiralty and maritime claims in the amount of $160,890.79 (U.S. Dollars One Hundred and Sixty Thousand Eight Hundred and Ninety and Seventy Nine Cents) resulting from breach of a charter party.

## STATEMENT OF FACTS

At all material times, Plaintiff, Avena Shipping Company Limited was the owner of the M.V. SERVER (the "Vessel"). On or about August 24, 2006, a time charter party (the "Charter") was made between Dalnave Navigation Inc. and/or Avena Shipping Company, as owners of the Vessel, and Joint Stock Company Belarussian Shipping Company, as charterer whereby Defendant chartered the Vessel for the carriage of bulk cargo for a period of about four months up to about six months, about meaning plus or minus fifteen days in charterer's option.

The Charter provided that charterer shall pay for the use and hire of the Vessel at the rate of $17,500 per day or pro rata payable fifteen days in advance. The hire was to commence from the time of the Vessel's delivery to the charterer until the day of her redelivery to the owner, unless Vessel lost. Pursuant to the Charter, the Vessel was delivered to the charterer at 17:00 hours GMT on August 30, 2006.  On or about January 12, 2007 the Vessel suffered a total loss off the coast of Norway and the Charter was terminated at 17:25 hours GMT on January 12, 2007.

According to owner's Charter hire calculations, the Vessel was on hire during the voyage for 135.017361 days which amounts to $2,362,803.82 (135.017361days x $17,500 per day). After deducting 3.75% commission of $88,605.14 and adding charterer's expenses of $469,917.87, the total hire due to Plaintiffs amount to $2,744,170.55. Charterer has paid only $2,656,279.75 of hire, which leaves a balance of hire due to Plaintiffs of $87,890.79.

Plaintiffs submitted their final hire statement to Defendant on or about February 5, 2007 for balance of Charter hire due in the amount of $87,890.79.  Pursuant to the terms of the

2

Charter, Defendant should have paid the hire when it received the final hire statement. However, despite various reminders from Plaintiffs to Defendant, no hire has been received to date. By reasons of the premises, Plaintiffs have sustained damages in the amount of $87,890.79 as best as can presently be calculated.

The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. In addition to the unpaid hire, Plaintiffs are also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $50,000. Arbitration of these disputes in London arbitration may take three years. Plaintiffs are entitled to and would receive interest at the present rate of 8.25% from February 2007 to the completion of the arbitration or about $23,000. Thus, Plaintiffs' total claim against Defendant for which they seek security herein is $160,890.79.

All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

Plaintiffs bring this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, to the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiffs' claim against Defendant and retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

As a result of the foregoing, Plaintiffs assert a claim in the amount of $160,890.79 for hire, attorneys' fees and costs and interest in the London arbitration, as nearly as can be estimated at present.

3

**ARGUMENT**

**AN ORDER AUTHORIZING THE ISSUANCE OF
PROCESS OF MARITIME ATTACHMENT SHOULD
BE GRANTED PURSUANT TO SUPPLEMENTAL RULES B (1)
TO ALLOW ATTACHMENT OF DEFENDANT'S ASSETS
IN THE HANDS OF NON-PARTIES TO THIS ACTION**

Rule B (1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the

Federal Rules of Civil Procedure ("Supplemental Rule B (1)"), specifically permits prejudgment

attachment in admiralty or maritime cases whenever the defendant cannot be "found" with the

district:

> With respect to any admiralty or maritime claim *in personam* a
> verified complaint may contain a prayer for process to attach the
> defendant's good and chattels, or credits and effects in the hands of
> garnishees to be named in the process to the amount sued for, if the
> defendant shall not be found within the district. Such a complaint
> shall be accompanied by an affidavit signed by the plaintiff or
> plaintiff's attorney that, to the affiant's knowledge, or to the best of
> the affiant's information and belief, the defendant cannot be found
> within the district. The verified complaint and affidavit shall be
> reviewed by the court and, if the conditions set forth in this rule
> appear to exist, an order so stating and authorizing process of
> attachment and garnishment shall issue.

Plaintiff's claim arises under a charter party which is a maritime contract and, therefore,

is a claim within the admiralty jurisdiction of this Court. G. Gilmore & C. Black, The Law of

Admiralty 22, n. 65 (2d ed. 1975); 1 Benedict On Admiralty § 184 at 12-11 (7th rev. ed. 2002).

Because Plaintiff possesses a maritime claim, it may secure a maritime attachment pursuant to

Supplemental Rule B (1) against all assets and property (up to the amount of the claim)

belonging to Defendant which may be situated within the district "if the defendant(s) shall not be

found within the district". Supplemental Rule B (1).

For purposes of Supplemental Rule B(1), the term "found within the district" presents a

two-pronged inquiry. If the defendant cannot be found within the district for jurisdictional

4

purposes and for service of process, an attachment is permissible. See Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963); see also 29 Moore's Federal Practice § 705.02 [2][b] (Matthew Bender 3d ed.). As explained in the accompanying Affidavit of Rahul Wanchoo, Defendants cannot be found within this District Court under this analysis. Accordingly, the issuance of an order of maritime attachment is proper.

Rule B attachment is also proper in aid of foreign litigation or arbitration. Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d. 627, 632 (9th Cir. 1982); Staronset Shipping Ltd. v. North Star Navigation Inc., 659 F. Supp. 189, 191 (S.D.N.Y. 1987); Andros Compania Maritima,S.A. v. Andre and Cie, S.A., 430 F. Supp. 88 (S.D.N.Y. 1977). See also Drys Shipping Corp. v. Freight of the M.S. DRYS, 558 F.2d 1050 (2ds Cir. 1977). Maritime attachment and garnishment is available not only against an account maintained by a defendant in New York, but also against any correspondent bank which is used to transfer funds of a defendant in or out of New York. Winter Storm Shipping Ltd. v. TPI, 310 F.3d 263 (2d Cir. 2002).

Plaintiffs seek to attach Defendant's assets in the hands of non-parties. In order to attach Defendants' assets in the hands of non-parties, an order of attachment and garnishment is required. Plaintiffs therefore request that the Court issue an order authorizing process of maritime attachment and garnishment in order to secure Plaintiffs' claims against Defendant in the London arbitration in the amount of $160,890.79 (U.S. Dollars One Hundred and Sixty Thousand Eight Hundred and Ninety and Seventy Nine Cents), as nearly as can be estimated at present.

## CONCLUSION

By reason of the foregoing, it is respectfully submitted this Court should issue an Order authorizing the issuance of Process of Maritime Attachment and Garnishment pursuant to

Supplemental Rule B(1) and Plaintiffs should have such other and further relief as is just and

proper in the circumstances.


Dated: New York, New York
     March 27, 2007


                     Respectfully submitted,


                     **LAW OFFICES OF RAHUL WANCHOO**
                     Attorneys for Plaintiffs
                     AVENA SHIPPING COMPANY LIMITED
                     AND DALNAVE NAVIGATION INC.

             By:     *Rahul Wanchoo*
                     Rahul Wanchoo (RW-8725)

6