LAW OFFICES OF RAHUL WANCHOO (RW-8725)
Attorneys For Plaintiffs
Empire State Building
350 Fifth Avenue, Suite 3304
New York, New York 10118
Phone: (201) 882-0303
Fax:    (201) 301-3576
E-mail: rwanchoo@wanchoolaw.com

JUN 0 5 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

AVENA SHIPPING COMPANY LIMITED
AND DALNAVE NAVIGATION INC.                    ECF CASE

                        Plaintiffs,            07 cv 2913 (PKL)

            - against -                        **AMENDED VERIFIED COMPLAINT**

JOINT STOCK COMPANY BELARUSSIAN
SHIPPING COMPANY, TRASER ALLIANCE,
FORSEBERG AND MALTO LTD.

                        Defendants.

-------------------------------------------------------X

Plaintiffs, AVENA SHIPPING COMPANY LIMITED ("Avena") AND DALNAVE

NAVIGATION INC. ("Dalnave"), by their attorneys, LAW OFFICES OF RAHUL

WANCHOO, allege on information and belief as follows:


**JURISDICTION AND VENUE**

1.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction

of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.    At all material times, Plaintiff, Avena was and now is a foreign corporation organized under and existing by virtue of the laws of the Republic of Cyprus, and was the owner of the M.V. SERVER (the "Vessel"), a bulk carrier of about 33,333 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3.    At all material times, Plaintiff, Dalnave was and now is a foreign corporation organized under and existing by virtue of the laws of the Republic of Greece, and was the manager of the Vessel.

4.    Upon information and belief, at all material times, Defendant, JOINT STOCK COMPANY BELARUSSIAN SHIPPING COMPANY ("Belarussian"), was and now is a foreign corporation organized and existing under and by virtue of the laws of Belarussia, and was the charterer of the Vessel.

5.    Upon information and belief, at all material times, Defendants, TRASER ALLIANCE, FORSEBERG and MALTO LTD, are foreign corporations who have been used to pay the debts of the Defendant, Belarussian to the Plaintiffs

### FACTS GIVING RISE TO CLAIM

6.    On or about August 24, 2006, a time charter party (the "Charter") was made between Dalnave and/or Avena, as owners of the Vessel, and Belarussian as charterer whereby

2

Defendant chartered the Vessel for the carriage of bulk cargo for a period of about four months up to about six months, about meaning plus or minus fifteen days in charterer's option.

7.    The Charter provided that charterer shall pay for the use and hire of the Vessel at the rate of $17,500 per day or pro rata payable fifteen days in advance. The hire was to commence from the time of the Vessel's delivery to the charterer until the day of her redelivery to the owner, unless Vessel lost.

8.    Pursuant to the Charter, the Vessel was delivered to the charterer at 17:00 hours GMT on August 30, 2006. On or about January 12, 2007 the Vessel suffered a total loss off the coast of Norway and the Charter was terminated at 17:25 hours GMT on January 12, 2007.

9.    According to owner's Charter hire calculations, the Vessel was on hire during the voyage for 135.017361 days which amounts to $2,362,803.82 (135.017361 days x $17,500 per day). After deducting 3.75% commission of $88,605.14 and adding charterer's expenses of $469,917.87, the total hire due to Plaintiffs amounts to $2,744,170.55. Charterer has paid only $2,656,279.75 of hire, which leaves a balance of hire due to Plaintiffs of $87,890.79.

10.    Plaintiffs submitted their final hire statement to Belarussian on or about February 5, 2007 for balance of Charter hire due in the amount of $87,890.79. Pursuant to the terms of the Charter, Belarussian should have paid the hire when it received the final hire statement. However, despite various reminders from Plaintiffs to Defendant, Belarussian no hire has been received to date.

11.    By reasons of the premises, Plaintiffs have sustained damages in the amount of $87,890.79 as best as can presently be calculated.

12.    The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. In addition to the

unpaid hire, Plaintiffs are also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $50,000.

13.    Arbitration of these disputes in London arbitration may take three years. Plaintiffs are entitled to and would receive interest at the present rate of 8.25% from February 2007 to the completion of the arbitration or about $23,000.

14.    Plaintiffs' total claim against Defendants for which they seek security herein is $160,890.79.

15.    All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

16.    Plaintiffs bring this action by seeking an order of seizure of Defendants' goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendants to proceed with arbitration of Plaintiffs' claim against Defendants and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE**, the Plaintiffs pray the following:

1.    That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendants, Joint Stock Company Belarussian Shipping Company, Traser Alliance, Forseberg and Malto Ltd, that they be personally cited to appear and answer the matters set forth above.

2.    That if the Defendants cannot be found within this District, then that Defendants' goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of

4

this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiffs' claims of $160,890.79, the sum sued for in this Complaint;

3.     That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiffs, together with interest, costs and disbursements of this action; and

4.     That this Court grant to Plaintiffs such other and further relief as may be just and proper in the circumstances.


Dated: New York, New York
       June 4, 2007

                                   LAW OFFICES OF RAHUL WANCHOO
                                   Attorneys for Plaintiffs
                                   AVENA SHIPPING COMPANY LIMITED
                                   AND DALNAVE NAVIGATION INC.


                                   By: _Rahul Wanchoo_
                                        Rahul Wanchoo (RW-8725)

5