LENKES.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
AVENA SHIPPING COMPANY LIMITED
AND DALNAVE NAVIGATION INC.,

        Plaintiff,

  - against -

JOINT STOCK COMPANY BELARUSSIAN
SHIPPING COMPANY, TRASER ALLIANCE,
FORSEBERG AND MALTO LTD.,

        Defendant.
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/07

07 CV 2913 (PKL)
ECF CASE

## STIPULATION AND TURN OVER ORDER
## IN RESPECT OF ATTACHED PROPERTY

IT IS HEREBY STIPULATED AND AGREED between the plaintiff, AVENA SHIPPING COMPANY LIMITED (hereinafter referred to as "Avena" or "Plaintiff"), and the defendant JOINT STOCK COMPANY BELARUSSIAN SHIPPING COMPANY (hereinafter referred to as "BSC" or "Defendant"), by their undersigned attorneys, as follows:

WHEREAS Avena and BSC have agreed to settle the disputes between them arising out of charterparties dated August 24, 2006 and January 5, 2007, by which Avena chartered the MV SERVER ("the Vessel") to BSC on a period basis. On or about January 12, 2007, the Vessel grounded and subsequently sank in extreme weather conditions off Fedje Island, Norway ("the casualty"); and disputes arose between the parties. The parties have referred their respective claims to Arbitration in London in accordance with the terms of the charterparties and Avena filed this action against BSC seeking an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. BSC has appeared in this action.

WHEREAS Avena and BSC desire to settle the disputes between them and have entered into a settlement agreement that provides that Avena shall pay to BSC the sum of $60,000 United States Dollars and that any and all funds attached pursuant to the Ex Parte Order for Process of Maritime attachment and Garnishment ("Ex Parte Order") shall be released immediately to the trust account of BSC's undersigned attorneys, Tisdale Law Offices; and

WHEREAS garnishee JP Morgan Chase acting pursuant to the Ex Parte Order restrained and attached BSC's property in the total known amount of $160,890.79 United States Dollars; and

WHEREAS Avena and BSC have agreed that any and all funds attached pursuant to the Ex Parte Order in this matter including but not limited to the $160,890.79 of BSC's attached funds should be released by JP Morgan Chase, and or any other garnishee bank holding funds pursuant to the Ex Parte Order, to the following trust account of their undersigned attorneys, Tisdale Law Offices, for ultimate credit to BSC:

PEOPLE'S BANK
850 MAIN STREET, BRIDGEPORT, CT 06604
ABA No: 221172186
TELEGRAPHIC NAME: PEOPLE'S BANK
FOR FINAL CREDIT TO: TISDALE LAW OFFICES, LLC
ACCOUNT NO. 075 7010667

WHEREAS Avena and BSC have agreed that after BSC has received any and all property/funds attached pursuant to Ex Parte Order, including but not limited to the $160,890.79 attached at JP Morgan Chase, Avena and BSC shall then prepare and file a stipulation of dismissal that provides for the dismissal of this action with prejudice;

WHEREAS Avena and BSC have agreed that this Court shall retain jurisdiction to

enforce this Stipulation and Order;

IT IS HEREBY ORDERED that garnishee JP Morgan Chase shall effect an electronic funds transfer in favor of BSC including but not limited to the sum of $160,890.79, and that JP Morgan Chase shall pay this amount to BSC by way of the trust account specified herein of their undersigned attorneys and that any bank fees associated with the transferring of the funds to this account shall not be deducted from the transferred funds presuming JP Morgan Chase consents to the release of the funds without the deduction of bank fees; and

IT IS HEREBY ORDERED that any and all other garnishee banks holding property of BSC pursuant to the Ex Parte Order in this action shall effect an electronic funds transfer in favor of BSC for any and all funds so held and such garnishee banks shall pay this amount to BSC by way of the trust account specified herein of their undersigned attorneys and that any bank fees associated with the transferring of the funds to this account shall not be deducted from the transferred funds presuming JP Morgan Chase consents to the release of the funds without the deduction of bank fees; and

IT IS FURTHER HEREBY STIPULATED AND ORDERED that the released funds shall not be subject to any attachment by Avena in New York; and

IT IS FURTHER HEREBY STIPULATED AND ORDERED that once BSC has received any and all funds/property under attachment, including but not limited to the $160,890.79 at JP Morgan Chase, Avena and BSC shall then file a Stipulation of Dismissal with prejudice and without costs to any party.

The Plaintiff,
AVENA SHIPPING COMPANY LIMITED,

By: *Rahul Wanchoo*
Rahul Wanchoo (RW 8725)
LAW OFFICES OF RAHUL WANCHOO
Empire State Building
350 Fifth Avenue, Suite 3304
New York, NY 10118
Tel: (201) 882-0303
Fax: (201) 301-3576
rwanchoo@wanchoolaw.com

The Defendant,
JOINT STOCK COMPANY BELARUSSIAN SHIPPING COMPANY,

By: *Lauren Davies*
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 2162)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

10/09/07
SO ORDERED:

*Peter K. Leisure*
Honorable Peter K. Leisure, U.S.D.J.